IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRUNO BOBBIE ERNST**, Inmate )
**#N08113,** )
　　　　　　　　　　　　　　　　　 )
　　　　　**Plaintiff,** )
　　　　　　　　　　　　　　　　　 )　　**CIVIL NO. 11-cv-936-JPG**
**vs.** )
　　　　　　　　　　　　　　　　　 )
**SHERRY BENTON, et al.,** )
　　　　　　　　　　　　　　　　　 )
　　　　　**Defendants.** )

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

　　　　This matter is before the Court on Plaintiff's first, second, and third motions for leave to proceed in forma pauperis ("IFP") (Docs. 2, 11, and 15). Plaintiff seeks leave to proceed IFP in this case without prepayment of the Court's usual $350.00 filing fee in a civil case. *See* 28 U.S.C. § 1914(a). Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Upon tender of a proper affidavit and certified copy of a trust fund account statement, a prisoner then is assessed an initial partial filing fee of

twenty percent of the greater of: (1) the average monthly deposits to the prisoner's trust fund account; or (2) the average monthly balance in the prisoner's trust fund account for the six-month period immediately preceding the filing of the prisoner's suit. *See* 28 U.S.C. § 1915(b)(1)(A)-(B). After payment of an initial partial filing fee, a prisoner is required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's trust fund account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of a prisoner must forward payments from the prisoner's trust fund account to the clerk of the district court where the prisoner's case is pending each time the amount in the account exceeds $10.00 until the filing fee in the case is paid. *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

In this case, Plaintiff's first two motions for leave to proceed IFP did not contain the required certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint. Additionally, Plaintiff filed his third motion for leave to proceed IFP on December 6, 2011. Therefore, it appears that he meant to withdraw the first two motions, filed on October 20, 2011, and November 14, 2011. Accordingly, Plaintiff's first two motions to proceed IFP (Docs. 2 and 11) are **DENIED, without prejudice**.

Plaintiff's third motion to proceed IFP appears to conform with the requirements of 28 U.S.C. § 1915(a)(2), in that he attaches an executed certification form to his motion (Doc. 15, p. 2). However, it has come to the Court's attention that the signature of the Trust Fund Officer on the form has been forged. Plaintiff's attempt to defraud the Court subjects this action to immediate

dismissal. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011) (The Court may appropriately dismiss an action as a sanction for providing fraudulent information to the Court); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999); *See also* FED. R. CIV. P. 11.

Therefore, **IT IS HEREBY ORDERED** that all three of Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 2, 11, and 15) are **DENIED.**  It is **further ORDERED**  that Plaintiff shall pay the full filing fee of $350.00 for this action within **twenty-one (21) days** of the date of entry of this Order on or before July 3, 2012.

**IT IS FURTHER ORDERED** that, because of Plaintiff's attempt to defraud the Court as to the trust fund certification, this action is **DISMISSED** without prejudice to Plaintiff's bringing these claims in a fully pre-paid complaint.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   June 11, 2012

*s/J. Phil Gilbert*
**United States District Judge**